IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00666-MSK-BNB

COMMUNICATIONS TECHNOLOGIES, INC.,

        Plaintiff,

v.

SPIRAL AVIATION TRAINING COMPANY, LLC,

        Defendant.
_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss for Improper Venue **(# 7)**, the Plaintiff's response **(# 11)**, and the Defendant's reply **(# 12)**.

The Plaintiff asserts claims of breach of contract, "tortious interference with employee relations," tortious interference with business expectancy, "breach of computer security," breach of implied duties of good faith and fair dealing, and civil conspiracy, arising in part out of alleged violations of a subcontracting agreement between the parties.

In the instant motion **(# 7)**, the Defendant moves to dismiss the Complaint on the grounds of improper venue. Specifically, the Defendant argues that the agreement at issue contains a forum selection clause that states "all controversies and disputes arising out of this Subcontract shall be heard in the District Courts for the State of Colorado," and that, as a result of that clause, the federal district courts are an improper venue for the case and that the action must be heard in a state district court. The Plaintiff responds **(# 11)**, arguing that the clause makes no distinction

1

between federal and state "district courts," and thus, that the action is properly venued in this district court.

Several matters are not in dispute here: the parties do not dispute that the forum selection clause is present in the contract; they do not dispute its terms; and they do not dispute that the clause identifies the mandatory venue of the action, *see e.g. K&V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002), such that the Court should enforce the clause by requiring the case to proceed in the venue designated in the clause. Thus, the sole issue here is how the Court should interpret the term "District Courts for the State of Colorado."

The interpretation and enforceability of a forum selection clause presents a question of law. *K&V Scientific Co.*, 314 F.3d at 497. The parties do not address the issue of what forum's law as to contract interpretation governs this issue, but the Court observes that the parties' contract states that it "shall be governed by the laws of the State of Colorado," and that this Court's subject-matter jurisdiction is founded upon diversity of citizenship under 28 U.S.C. § 1332. Under these circumstances, the Court finds it appropriate to apply the substantive principles of contract interpretation found in Colorado law. *See e.g. Blackhawk-Central City Sanitation Dist. v. Am. Guar. & Liab. Ins. Co.*, 214 F.3d 1183, 1188 (10th Cir.2000). Under Colorado law, well-settled principles of contract interpretation dictate that the Court should attempt to give the words in the contract their plain and ordinary meaning, unless a contrary intent is evidenced. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo.2003). However, where the language is ambiguous, the Court should consider extrinsic evidence as to the parties' intended meaning of the ambiguous term. *Cherokee Metropolitan Dist. v. Simpson,*

148 P3d 142, 146 (Colo. 2006); *Moland v. Industrial Claim Appeals Ofc.*, 111 P.3d 507, 511 (Colo. App. 2004). If the Court cannot divine the parties' mutual intent from extrinsic evidence, it may, if it chooses, apply the doctrine of *contra proferentem*, resolving any ambiguities against the drafter of the ambiguous language.[1]  *Moland,* 111 P.3d at 511.

The forum selection clause is susceptible of at least two reasonable interpretations. The phrase "District Courts for the State of Colorado" could reasonably be interpreted to refer only to the District Courts established by Colorado state law. *See* C.R.S. § 13-5-101 *et seq.* In this sense, the term "for" in the forum selection clause would be used in the sense of "representing," *see Oxford English Dictionary Online,* http://dictionary.oed.com/cgi/entry/50087675, definition A.II.4.a. That is, it refers to sovereignty, not geography, and only the state District Courts represent the judicial power held by the State of Colorado. *Compare American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (forum selection clause requiring suit to be brought in "Courts of the State of Colorado" excluded federal courts; term "of" represented sovereignty, not geography). Under this interpretation, this Court would not be a "District Court[ ] for the State of Colorado," as this Court represents federal judicial authority, not that of the state; this Court would be a "District Court for the United States."

---

[1] In this respect, the Defendant's reply places undue faith in the applicability of the doctrine. The case it relies upon, *Milk "N" More, Inc. v Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992), relies upon Kansas in support of its invocation of the doctrine. *Citing Wood River Pipeline Co. v. Willbros Energy Servs.*, 738 P.2d 866, 871 (Kan. 1987). As discussed in *Moland*, Colorado law views the doctrine as much less sweeping. The vast majority of Colorado cases applying the doctrine are insurance cases, where ambiguous language in a policy is interpreted against the drafter (the insurer) and in favor of coverage. *See Moland,* 111 P.3d at 511, *see also USAA Casualty Ins. Co. v. Anglum*, 119 P.3d 1058, 1060 (Colo. 2005), *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294 (Colo. 2003). In non-insurance cases, the rule is not to be automatically applied, particularly where both parties to the agreement were sophisticated and represented by counsel during negotiations. 111 P.3d at 510-11.

On the other hand, the phrase could also be interpreted to encompass all courts denominated as "District Courts" whose purpose is to serve the citizens of the State of Colorado. *Id.*, definition A.IV.8.a. This Court is established for the District of Colorado which is conterminous with the boundaries of the State of Colorado. 28 U.S.C. § 85  Thus, one could reasonably state that this Court serves the citizens of the State of Colorado and therefore is a district court "for" the State of Colorado.[2] Under this interpretation of the parties' forum selection clause, <u>any</u> District Court, state or federal, serving the state would be an appropriate forum.

Because the meaning of this term in the parties' contract is ambiguous, the Court is required to attempt to divine the mutual intent of the parties by reference to extrinsic evidence. However, neither party has tendered any extrinsic evidence of the parties' mutual intent as to the meaning of the forum selection clause nor suggests that any exists.

Were the Court to elect to apply the doctrine of *contra proferentem* as a last resort, it would appear that dismissal would be appropriate because the Plaintiff drafted the agreement. *see Docket* # 12 at 2. Alternatively, by failing to offer extrinsic evidence of the parties' mutual intent as to the ambiguous term of the contract governing venue, the Plaintiff has failed to carry its burden of showing proper venue. *See e.g. Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.,* 434 F.Supp.2d 1051, 1057-58 (D. Kan. 2006) (on a defendant's challenge to venue, plaintiff has the burden of establishing that venue is proper, and must make that showing by affidavits or other written material).

In either event, the result is the same. Because the Plaintiff has failed to establish that the

---

[2] In other words, the word "for," unlike the word "of" in *American Soda*, represents geography, not sovereignty.

Court is the situs of the forum selection clause, the Defendant's Motion to Dismiss for Improper Venue **(# 7)** is **GRANTED**.  The Complaint **(# 1)** is **DISMISSED** without prejudice, and the Clerk of the Court is directed to close this case.

Dated this 20th day of February, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge